# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

'76 NOV 24 PM 3:54

**STEWART A. WEBB**

    *Plaintiff,*

v.

Case No: 09-2603 JTM/DJW

**HON. JUDGE KATHRYN H. VRATIL,** in her
Official capacity as Chief Judge
for the United States District Court for
the District of Kansas

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

    *Defendant,*

### PETITION FOR INJUNCTIVE RELIEF AGAINST THE HON. KATHRYN H. VRATIL, AND THE U.S. DISTRICT COURT OF THE STATE OF KANSAS, et al.

Comes now the Plaintiff Stewart A. Webb appearing pro se and in forma pauperis and files this action for Injuctive Relief against the honorable chief judge of this court and the federal district court for prospective injunctive relief, solely in equity under the United States Constitution to allow me to have an uncompromised qualified legal counsel represent me in the Kansas District Court for a civil RICO action I will file.

1

The Plaintiff is entitled to injunctive relief for the following reasons:

1) Stewart A. Webb seeking the order will suffer irreparable injury unless the injunction issues,

The attached affidavit of the plaintiff and accompanying links to evidence on his web site www.stewwebb.com show that the plaintiff is endangered by continuing extortion and retaliation by the Millman Bush Criminal Enterprise which has corrupted USDOJ officials and federal officials in the FBI and a who are actively seeking to injure and harm the plaintiff.

2) The threatened injury to Stewart A. Webb outweighs whatever damage the proposed injunction may cause the opposing party,

No injury to the parties including the United States Government and its officials acting as part of an ongoing criminal enterprise can outweigh the pro se Plaintiff's interest in competent legal pleadings attaching the proof to the criminal statutes privately actionable under the RICO and FCA statutes, the latter for which the plaintiff must have an attorney and the former are too complex for the vast majority of pro se Plaintiffs to adequately plead.

The affidavit and the Plaintiff's web site http://www.stewwebb.com have evidence of injury, crimes and false claims against the federal government that will not be addressed unless the Plaintiff has an attorney uncorruptible by the Millman Bush enterprise.

3) The injunction, if issued, would not be adverse to the public interest, and

The violations of federal criminal statutes described in the Plaintiff's affidavit and web site vindicate the only recognizable public interest, the enforcement of the nation's laws.

4) There is a substantial likelihood that Stewart A. Webb will eventually prevail on the merits.

A hearing in this proceeding will determine that Bret Landrith cannot be lawfully prevented from representing the plaintiff.

When directed by the Seventh Circuit Court of Appeals to file an entry of appearance in SHELIA MANNIX v. STATE OF ILLINOIS ATTORNEY GENERAL LISA MADIGAN, *et al.* 7th Cir. Case no. 09-1468 , Bret Landrith explained the unconstitutionality of the disbarment on its face and the continuing bad faith of the State of Kansas actors who procured it through extrinsic fraud visible in the

order's adoption of Kansas Attorney Discipline agency

misrepresentations and on the face of the Price adoption and Bolden

records:

> "The Kansas Supreme Court decision of disbarment on its face violated the Fourteenth Amendment of the United States Bill of Rights. Subsequent to the order of disbarment for bringing James L. Bolden's action to federal court my briefs and representation prevailed in the Tenth Circuit Court of Appeals in reversing the Kansas District Court's dismissal of James L. Bolden's racial discrimination civil rights complaint against the State of Kansas agency the City of Topeka.
>
> Despite efforts of State of Kansas officials to disrupt the appeal by suspending me and making me defend my license during the 10th Circuit briefing schedule and Kansas District Court personnel refusing to delay the transfer of the record on appeal for transcripts until an order had to be issued by the Court of Appeals to stop the obstruction, the Tenth Circuit Court of Appeals Decision *Bolden v. City of Topeka.* 441 F.3d 1129 (10th Cir. 2006) reinvigorated 42 USC Sec. 1981 as a cause of action against government discrimination and real estate takings in *Bolden v. City of Topeka.* 441 F.3d 1129 (10th Cir. 2006). The decision has been favorably cited by the Sixth Circuit in *Coles v. Granville* Case No. 05-3342 (6th Cir. May 22, 2006.
>
> The State of Kansas continues to pursue Bolden's witness and my former client David Martin Price in violation of the Fourteenth Amendment and this conduct has to date resulted in federal court intervention[1]. The State of Kansas Attorney Disciplinary Administrator Stanton A. Hazlett can be heard on the official audio recording of Kansas Supreme Court oral argument emphasizing my association with my client David Martin Price and the First Amendment protected conduct of Price as the reason to disbar me in violation of the US Constitution. [2] The state appellate judge, Hon. Lee A. Johnson signed the bench

---

[1] Federal judge intervenes in Kansas lawyering spat. Pittsburg Morning Sun August , 2009. http://www.morningsun.net/kansas/x1558727771/Federal-judge-intervenes-in-Kansas-lawyering-spat

[2] http://judicial.kscourts.org:7780/Archive/2005%20court%20hearings/Oct/94,333.mp3

4

warrant to arrest David Martin Price on July 21, 2009 depriving Price of his US Constitutionally protected liberty interests despite the clearly established law that the state court lost jurisdiction during the pendency of the removal and the timely appeal of the remand order. Any action taken in state court after a written notice of removal and before remand is of no force or effect. See Crawford v. Morris Trans.,Inc., 990 So. 2d 162, 169 (Miss. 2008).

Pursuant to § 1446, "it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1239(9th Cir. 1994); Moore v. Interstate Fire Insurance, 717 F.Supp 1193 (S.D. Miss.1989); South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971). "Any further proceedings in the state court in the removed action, unless and until thecase is remanded, would be a nullity. 1A Moore's Federal Practice § 0.168[3-8-4]. See also, Caldwell v. Montgomery Ward and Co., 207 F.Supp. 161 (S.D.Texas 1962).

Kansas Attorney General Steve Six and Hon. Lee A. Johnson are both responsible for knowing that it is also clearly established that jurisdiction over a case passes from the district court to the court of appeals immediately and automatically upon the filing of a notice of appeal. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3949.1 at 39-40 (1999).

Hon. Lee A. Johnson was the same judge that repeatedly issued orders denying my motions for access to Price's parental rights trial court and adoption records in In the Matter of Baby C, Kansas State Court of Appeals Case No. 03 90035 A. I had been retained in the appeal of the interstate adoption/parental termination of David Martin Price' infant son. I was denied the opportunity to produce the same evidence in defense of my disbarment. Baby C was kidnapped under fraud and sold to a couple in the State of Colorado. Price was never given access to the adoption case which unlawfully preceded the termination of his parental rights despite the clearly established right of a natural parent to have access to the records to defend against termination under Kansas controlling precedent in Nunn v.

*Morrison*, 608 P.2d 1359, 227 Kan. 730 (Kan., 1980) determining a nondiscretionary duty to make available SRS records used to terminate parental rights.

The Hon. Lee A. Johnson initiated the disbarment of me for seeking these records and for asserting that Price as an American Indian not on a reservation was still within the protection of the federal Indian Child Welfare Act. A position the Kansas Supreme Court has now adopted in *In The Matter Of A.J.S.*, Kansas Supreme Court Case No. 99,130 (KS March 27th 2009).

The State of Kansas also continues to pursue the process server in the federal litigation relating to David Martin Price and the federal action to enjoin the bad faith State of Kansas disbarment proceeding in over 7 years of retaliation. See *State of Kansas, Dept. of CSE v Janice Lynn King*, KS Dist. Case no. 09-4109-JAR removed to federal court on August 2, 2009.

After disbarment in 2005, I have been prevented repeatedly from obtaining employment even in manual labor positions. This is despite the fact I moved to flee the persecution and became a citizen of the State of Missouri. The State of Kansas Office of Attorney Discipline acting through its state officials has made repeated fraudulent representations to Missouri employers[3] including between April 11 and April 30, 2007 during a failed scheme to entrap me in a temporary clerical assignment with State of Kansas Attorney Discipline Official Rex A. Sharp and his associate Isaac L.
Diel.

While the continuing retaliation against my former client David Martin Price in violation of 18 USC §§241 and 242 is at the direction of Kansas Attorney General Steve Six, the State of Illinois is actively extorting prospective legal representation of Price in Kansas State court extorting prospective legal representation my former client Samuel K. Lipari in Missouri state and federal courts. See *Lipari v. Novation LLC*, Mo 16th Cir. Case 0816-04217, Proposed Third Proposed Amended Petition at pages 125-127 describing Jerome Larkin, the Administrator

---

[3] *Lipari v. GE et al.* W.D. of MO Case no. 07-0849-CV-W-FJG Racketeering Act Number Twelve (Attempted Extortion Over Petitioner's Witness Bret D. Landrith ) see Amended Complaint Dated 12-07-07 at pages 54-56
http://www.medicalsupplychain.com/pdf/Lipari%20v%20GE%20et%20al%20Federal.pdf

The Illinois Attorney Registration and Disciplinary Commission conduct to prevent a licensed attorney from adequately representing Lipari's witness Dustin Sherwood in the W.D. of Missouri federal bankruptcy court [4] and of an earlier attempt by the same attorney to compromise Lipari's prosecution of the Novation LLC hospital supply cartel."

6.)The Plaintiff does not bring this action or claim under the civil rights laws of 42 USC § 1981et seq., instead the Plaintiff brings this action for injunctive relief pursuant to the 1st and 6th Amendments of the U.S. Constitution.

7). The Plaintiff prays that the court enjoin the Chief Justice Kathryn H. Vratil of Kansas District Court from being an instrument of the State of Kansas Officials corruption by enforcing under the color of state law, any prohibition against Bret Landrith representing the Plaintiff in Federal District Court in this matter, and thereby restore the color of law to this federal jurisdiction.

8). The Plaintiff prays that the United States District Court for the District of Kansas in joint participation with federal officials, Kansas's officials, actors, agents, subcontracted agents, et al., will not give by instructions to the law clerks of the federal trial or appeals courts to dismiss any and all claims or pleadings filed by the Plaintiff,

---

[4] Available online at
http://www.medicalsupplychain.com/pdf/Lipari%20Third%20Motion%20For%20Leave%20to%20Amend%2004217.pdf

in violation of equal protection under the color of law.

9). The Plaintiff prays that Chief Justice Kathryn H. Vratil of Kansas District Court and the United States District Court for the District of Kansas be restrained from control by federal FBI officials, Kansas's officials, actors, agents, subcontracted agents, et al., and Chief Justice Kathryn H. Vratil and the United States District Court will not allow violation the Plaintiffs due process rights guaranteed by the constitution, in any more cases, in which the Plaintiff is a party.

10). The Plaintiff prays that the court enjoin the Chief Justice Kathryn H. Vratil of Kansas District Court from being an instrument of the State of Kansas Officials and U.S. District Court for the District of Kansas, State of Kansas officials, actors, agents, subcontracted agents, et al., and not deny the Plaintiff the constitutional right to redress his grievances regarding his mistreatment by the Millman Bush Crime family RICO enterprise, so that the constitutional questions of law will take precedence over all other matters, and to prevent the corrupt influence of State of Kansas Officials over the U.S. District Court for the District of Kansas, federal officials, State of Kansas officials, actors, agents, subcontracted agents, et al., as well as, the law have corruptly used the U.S. District Courts for the District

of Colorado, Missouri and Kansas seeking to sanction or arrest on the Plaintiff, as a chill effect to violate the redress of his grievances.

11). The Plaintiff prays that the court enjoin the Chief Justice Kathryn H. Vratil of Kansas District Court from being an instrument of the State of Kansas Officials and U.S. District Court for the District of Kansas, federal officials, State of Kansas officials, actors, agents, subcontracted agents, et al., and not sanction or place the chill effect upon the Plaintiff for redress of his grievances by continuing to prevent his attorney from representing him or practicing law in Kansas District Court.

WHEREFORE the above stated reasons and accompanying evidence, the Plaintiff respectfully requests that the defendants be enjoined solely in equity from restraining the plaintiff's meaningful access to the court through the representation of Bret D. Landrith.

Respectfully submitted,

Stewart A. Webb
Federal Whistleblower
Mail: P.O. Box 3061
Independence, MO. 64055
913 952-0846
stewwebb@stewwebb.com
http://www.stewwebb.com