# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEWART A. WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 09-2603-CV-FJG |
| HON. JUDGE KATHRYN H. VRATIL, in her | ) |
| Official Capacity as Chief Judge for the | ) |
| United States District Court for the District | ) |
| of Kansas, and UNITED STATES DISTRICT | ) |
| COURT FOR THE DISTRICT OF KANSAS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees and Affidavit of Financial Status (Doc. No. 2). Also pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 5).

**I.    Application for Leave to File Action without Payment of Fees (Doc. No. 2)**

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

A review of plaintiff's affidavit reveals that he is sufficiently impoverished to qualify under § 1915. However, the Court's inquiry does not end with a finding of sufficient impoverishment. Instead, the Court "shall dismiss" cases filed in forma pauperis "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A.    <u>Plaintiff's Allegations</u>

In the present matter, plaintiff has named as defendants Judge Kathryn H. Vratil (in

her official capacity only) and the United States District Court for the District of Kansas. Plaintiff generally states that he is petitioning for injunctive relief under the 1st and 6th Amendments to the United States Constitution. See Doc. No. 1, p. 7. Plaintiff alleges that he plans to file a civil RICO action in the Kansas District Court, and seeks injunctive relief allowing him to have "an uncompromised qualified legal counsel" represent him. See Doc. No. 1, p. 1. Plaintiff seeks a hearing in this proceeding determining that disbarred attorney Bret Landrith[1] be allowed to represent him in this future proceeding. See Doc. No. 1, p. 3.

Plaintiff alleges that (1) his affidavit (Doc. No. 3) and his website (www.stewwebb.com) show that he "is endangered by continuing extortion and retaliation by the Millman[2] Bush[3] Criminal Enterprise which has corrupted USDOJ officials and federal officials in the FBI and a [sic] who are actively seeking to injure and harm the plaintiff" (Doc. No. 1, ¶ 1); (2) the threatened injury to plaintiff by not having his chosen counsel outweighs whatever damage the proposed injunction might cause the opposing party, as the issues under the RICO and FCA statutes are "too complex for the vast majority of pro se Plaintiffs to adequately plead" (Doc. No. 1, ¶ 2); (3) the injunction, if issued, would not be adverse to the public's interest; and (4) there is a substantial likelihood that plaintiff will succeed on the merits (i.e., achieving a determination that Bret Landrith cannot be lawfully prevented from representing plaintiff) (Doc. No. 3, ¶ 4).

---

[1]The Court takes judicial notice that Mr. Landrith was disbarred by the state of Kansas in 2005 for, among other things, making baseless, inflammatory, and false accusations against opposing counsel, judges, state district court employees, Court of Appeals staff, and municipal officers and employees. See In re Landrith, 124 P.2d 467 (Kan. 2005).

[2]It appears that plaintiff's ex-wife's family is the Millman family. See Doc. No. 3, p. 3.

[3]Here, plaintiff appears to refer to former presidents George H.W. Bush and George W. Bush. According to his affidavit (Doc. No. 3, p. 3), plaintiff also asserts that other members of this criminal enterprise are William Clinton, Hillary Clinton, Jeb Bush, Neil Bush, and Barack Obama.

Plaintiff requests that this court (1) enjoin Judge Kathryn H. Vratil from "being an instrument of the State of Kansas Officials corruption by enforcing under the color of state law, any prohibition against Bret Landrith representing the Plaintiff in Federal District Court in this matter, and thereby resore the color of law to this federal jurisdiction" (Doc. No. 1, ¶ 7); (2) order that the "United States District Court for the District of Kansas in joint participation with federal officials, Kansas's officials, actors, agents, subcontracted agents, et al., will not give by instructions to the law clerks of the federal trial or appeals courts to dismiss any and all claims or pleadings filed by the Plaintiff, in violation of equal protection under the color of law" (Doc. No. 1, ¶ 8); (3) enjoin the Judge Vratil and the United States District Court for the District of Kansas "from control by federal FBI officials, Kansas's officials, actors, agents, subcontracted agents, et al., and Chief Justice Kathryn H. Vratil and the United States District Court will not allow violation [of] the Plaintiffs [sic] due process rights guaranteed by the constitution, in any more cases, in which the Plaintiff is a party" (Doc. No. 1, ¶ 9); (4) enjoin Judge Vratil "from being an instrument of the State of Kansas Officials and U.S. District Court for the District of Kansas, State of Kansas officials, actors, agents, subcontracted agents, et al., and not deny the Plaintiff the constitutional right to redress his grievances regarding his mistreatment by the Millman Bush Crime family RICO enterprise, so that the constitutional questions of law will take precedence over all other matters, and to prevent the corrupt influence of State of Kansas Officials over the U.S. District Court for the District of Kansas, federal officials, State of Kansas officials, actors, agents, subcontracted agents, et al., as well as, the law have corruptly used the U.S. District Courts for the District of Colorado, Missouri and Kansas seeking to sanction or arrest on the Plaintiff, as a chill effect to violate the redress of his grievances" (Doc. No. 1, ¶ 10); and (5) enjoin Judge Vratil "from being an instrument of the State of Kansas Officials and U.S. District Court for the District of Kansas, federal officials, State of Kansas officials, actors, agents, subcontracted agents, et al., and not sanction or place the chill

effect upon the Plaintiff for redress of his grievances by continuing to prevent his attorney from representing him or practicing law in Kansas District Court" (Doc. No. 1, ¶ 11).

B.     Analysis

After a review of plaintiff's proposed complaint, it is clear that plaintiff's case is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Much of plaintiff's proposed complaint asserts that Bret Landrith was improperly disbarred by the state of Kansas and the Kansas District Court.  Plaintiff does not have standing to assert these claims; instead, if Bret Landrith wishes to challenge his disbarment, he should do so himself.  Plaintiff's claims must be based on a violation of plaintiff's personal rights, and not the rights of someone else.  See Dohaish v. Tooley, 670 F.2d 934, 936 (10th Cir. 1982); Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990).  Further, the Court is aware of no authority that would allow plaintiff to have counsel of his choice who is also disbarred; instead, it would appear to this Court that plaintiff is seeking approval of Mr. Landrith's unauthorized practice of law.  These claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Additionally, many of plaintiff's "claims" are conclusory allegations made without pleading any supporting facts at all.  Plaintiff's petition (Doc. No. 1) does not explain how Judge Vratil or the United States District Court for the District of Kansas are (or could be) responsible for (1) being an instrument of state officials' corruption (Doc. No. 1, ¶¶ 7, 11); and (2) being controlled by the FBI or state officials (Doc. No. 1,¶ 9).  Even though liberal pleading standards are afforded to pro se plaintiffs, see Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007), plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This plaintiff has not done; instead plaintiff's allegations are mere speculation.  See id. at 555.  These claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

The remainder of plaintiff's claims appear to be allegations that Judge Vratil and the United States District Court for the District of Kansas made improper official adjudicative

4

acts in the past, or will take improper judicial actions in the future. To the extent that plaintiff's claims are for official adjudicative acts, plaintiff's claims against Judge Vratil and the United States District Court for the District of Kansas are barred by judicial immunity. It is an established principle that a judicial officer is generally immune from suit for money damages. Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Roemer v. Crow, 993 F.Supp. 834, 836 (D.Kan.1998). There are only two exceptions to this rule. First, a judge may be held liable for nonjudicial actions, Mireles, 502 U.S. at 11; and second, a judge may be held liable for actions taken "in the complete absence of jurisdiction." Id. at 12. Additionally, "judicial immunity is not overcome by allegations of bad faith or malice." Id. at 11. Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity. Stump v. Sparkman, 435 U.S. 349, 363 (1978). It is apparent from a review of plaintiff's complaints that plaintiff appears to disagree with past rulings of Judge Vratil and others. These claims fall within the heartland of claims to which judicial immunity applies.

Further, to the extent that plaintiff may be seeking equitable relief from Judge Vratil and the District Court in the form of an injunction or a declaratory judgment, the Court notes that equitable relief is available only in the absence of adequate remedies at law. Switzer v. Coan, 261 F.3d 985, 991 (10th Cir. 2001). As the District Court's rulings in the previous cases could have been challenged on appeal or through an extraordinary writ, the type of equitable relief plaintiff may be seeking in the present matter is unavailable as a matter of law. Id. It appears that plaintiff is also seeking that this Court direct that Judge Vratil and the United States District Court for the District of Kansas pre-judge cases that have not yet been filed, and find that plaintiff has stated valid claims whether or not he actually has done so. See Doc. No. 1, ¶¶ 8, 9, 10, and 11. This Court cannot grant plaintiff such relief; instead, each case filed by plaintiff will be judged on its merits (or lack thereof) at the time of its filing. Thus, all of plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Therefore, for the foregoing reasons, plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 2) is **DENIED.**

## III.   Conclusion

Accordingly, it is hereby **ORDERED** that:

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **DENIED**; and

2.  This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal is without prejudice to the filing of a paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Stewart A. Webb
P.O. Box 3061
Independence, MO 64055

**IT IS SO ORDERED.**

Date:  12/14/09              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                             Chief United States District Judge